Filed 7/16/24  In re J.G.P. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re J.G.P. et al., Persons Coming Under the Juvenile Court Law. | B326417 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 22CCJP01679A-B) |
| Plaintiff and Respondent, | |
| v. | |
| JUAN P., | |
| Defendant and Appellant; | |
| R.V., | |
| Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County.  D. Zeke Zeidler, Judge.  Affirmed.

Lillian Hamrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and David Michael Miller, Deputy County Counsel, for Plaintiff and Respondent.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Respondent R.V.

\* \* \* \* \* \*

Juan P. (father) appeals from the juvenile court's exit orders (Welf. & Inst. Code, § 364) granting legal and physical custody of his two minor sons to R.V. (mother).  Father contends it was an abuse of discretion for the court to grant full custody to mother without considering whether a joint custody arrangement and additional visitation with father was in the best interests of the minor children.

We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Father and mother divorced in 2020, before this dependency case was filed.  In the final judgment of divorce, the family law court granted mother legal and physical custody of their two minor sons (J.G.P. and J.M.P.).  Father was granted the right to reasonable visitation.

Thereafter, mother began a relationship with J.C. and had a child with him.  In May 2022, the Los Angeles County Department of Children and Family Services (Department) filed this dependency proceeding pursuant to Welfare and Institutions Code section 300, subdivisions (a) and (b) based on allegations of domestic violence perpetrated by J.C. against mother.

The court assumed jurisdiction of all three minors, released them to the home of mother, and found father was nonoffending.

In the jurisdiction and disposition report, the Department reported mother was meeting the needs of the children and they

were visibly attached to her as their primary caregiver. The Department noted that father's visits went well, and there were no problems reported, but the children were less attached to him due to his "inconsistent visits."

In the January 6, 2023 status report, mother was reported to be in full compliance with her case plan, and she and the children were "stable and progressing appropriately." She had family support and was maintaining a positive outlook. Mother said she would not have any further relationship with J.C. (who remained incarcerated during most of the reporting period).

The Department reported that father had progressed to unmonitored day visits and that visits, when they occurred, went well. Father said he could only visit twice a week because of his job. Father admitted to the social worker that he had hit J.G.P. with a belt as punishment and took away his phone. When the social worker told father he was not to use physical punishment as discipline with the children, father said he understood. Mother reported difficulties with making arrangements with father about visits with the children and that father was often rude or uncommunicative with her.

The Department recommended the juvenile court terminate jurisdiction over the children, maintain the family law order granting mother legal and physical custody of the children, and grant reasonable visitation to father.

On January 18, 2023, the juvenile court held a review hearing pursuant to Welfare and Institutions Code section 364. The court said it had read and considered the Department's reports and found the children were no longer at risk. Counsel for father asked the court to consider a joint custody arrangement but otherwise was "not contesting" placement with mother, only

that father wanted to be more engaged in his sons' lives. The Department maintained its recommendation that the family law custody order remain in place.

The juvenile court terminated jurisdiction and issued an exit order. The court ordered physical and legal custody of both minors (J.G.P. and J.M.P.) to remain with mother. Father was granted unmonitored visitation consisting of alternating weekends (Friday at 5:00 p.m. to Sunday at 5:00 p.m.) plus mid-week visits on Wednesdays (5:00 p.m. to 7:00 p.m.).

This appeal followed.

## DISCUSSION

We review a juvenile court's exit order under the deferential abuse of discretion standard. (*In re M.R.* (2017) 7 Cal.App.5th 886, 902.) We will not substitute our judgment for that of the juvenile court to which such determinations have been entrusted. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.) An exit order will be reversed or modified only where it is arbitrary, capricious or patently absurd. (*In re M.R.,* at p. 902.) Nothing in the record supports the conclusion the juvenile court's order here was arbitrary, capricious or absurd.

Mother had full legal and physical custody of both sons before the dependency case. Father argues the juvenile court abused its discretion by failing to consider whether it was in the best interests of the minor children to change the custody arrangement when it terminated jurisdiction and to give father greater visitation rights. He says the court chose instead to simply adopt the previous family law order granting mother full legal and physical custody with some minor adjustments to father's visitation.

4

In crafting an exit order and making a custody determination in a dependency case, the juvenile court's "focus and primary consideration must always be the best interests of the child." (*In re Nicholas H.* (2003) 112 Cal.App.4th 251, 268.) "Furthermore, the court is not restrained by 'any preferences or presumptions.' " (*Ibid.*, quoting *In re Chantal S.* (1996) 13 Cal.4th 196, 206.)

The juvenile court's order here is well within its discretion and supported by the record.  Father is correct that he was nonoffending, but the court was not required to make findings of detriment in order to justify its custody order.  (*In re J.M.* (2023) 89 Cal.App.5th 95, 113 [detriment findings not required at § 364 review hearing; courts apply best interest of the minor standard in fashioning appropriate custody and visitation orders upon termination of jurisdiction].)

Moreover, the record does not support the conclusion the juvenile court simply adopted the family law order without any consideration of what was in the best interests of the children.  The court relied on the Department's reports and recommendation that the children were continuing to do well with mother who had been their longtime caregiver, and that the existing custody arrangement should remain intact.  The court was justified in concluding that maintaining continuity and stability for the children was in their best interests.  Nothing in the record supports a finding the juvenile court acted contrary to the children's best interests, applied inappropriate criteria, misapplied the law or otherwise abused its broad discretion in fashioning its exit orders.

## DISPOSITION

The juvenile court's January 18, 2023 exit orders are affirmed.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.


WILEY, J.